UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN P. HILL,

               Petitioner,               Case Number: 04-CV-71629

v.                                      HON. GEORGE CARAM STEEH

HUGH WOLFENBARGER,

               Respondent.

_____/

## OPINION AND ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY

     Petitioner Steven P. Hill filed a *pro se* petition for a writ of habeas corpus. On November 16, 2005, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus. Petitioner has filed a Motion for Certificate of Appealability. Because the Court concludes that jurists of reason would not debate this Court's assessment of Petitioner's claims, the Court declines to issue a certificate of appealability.

     Before Petitioner can appeal the Court's decision, a certificate of appealability under 28 U.S.C. § § 2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the petition is dismissed on procedural

grounds, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Id.  (quoting Barefoot v. Estelle, 463 U.S. 890, 898 n.4 (1983)).

Petitioner presented six claims for habeas corpus relief.  In his first claim, Petitioner argued that the trial court erred in allowing the prosecutor to amend the information to include a count of assault with intent to rob while armed and in denying Petitioner's motion to quash the information.  The Michigan Court of Appeals held that the information, which was amended approximately nine months prior to trial, placed Petitioner on notice of the offenses for which he was being charged.  This Court held that the Michigan Court of Appeals' decision that he had notice of the charges against him was not contrary to or an unreasonable application of Supreme Court precedent.  Further, this Court held that Petitioner's claim that the bind over was improper raises a matter of state law and cannot form a basis for federal habeas corpus relief.  Estelle v. McGuire, 502 U.S. 62, 67 (1991), ("'[F]ederal habeas corpus review does not lie for errors of state law.'") (*quoting* Louis v. Jeffers, 497 U.S. 764, 780 (1990)); Gerstein v. Pugh, 420 U.S. 103, 125 n.26 (1975) (holding that a criminal defendant has no constitutional right to a preliminary hearing).

In his second claim, Petitioner alleged that the trial court violated his right to present a defense when it excluded his statement to police.  The statement supported his defense that he was merely present and that any participation by him in the crimes was

motivated by threats on his own life.  The trial court excluded the testimony because it was given under circumstances which called into question its reliability.  The Michigan Court of Appeals held that the trial court did not err in declining to admit Petitioner's custodial statement, because Petitioner was not unavailable under Michigan Rule of Evidence 804(b)(3).  When a defendant chooses not to testify, "he has made himself unavailable to any other party, but he is not unavailable to himself."  U.S. v. Peterson, 100 F.3d 7, 13 (2d 1996).  *Accord* U.S. v. Bollin, 264 F.3d 391, 413 (4th Cir. 2001); U.S. v. Kimball, 15 F.3d 54, 55-56 (5th Cir. 1994).  This Court concluded that the state court's holding that Petitioner's statement was properly excluded because it was inadmissible hearsay was a reasonable restriction on the admission of evidence, and, therefore, its exclusion did not impinge upon Petitioner's right to present a defense.

Petitioner next claimed that the trial court improperly admitted hearsay statements made by his co-defendant, and that his attorney was ineffective in failing to object to their admission.  The statements were admitted under the statements against penal interest exception to the rule against hearsay.  The Michigan Court of Appeals held that statement "had particularized guarantees of trustworthiness and, therefore, could be used to inculpate defendant without violating his right of confrontation."  Hill, slip op. at 4.  Out-of-court statements may be admitted at trial even if the defendant had no opportunity for cross-examination where the declarant is shown to be unavailable and the statement bears "adequate indicia of reliability."  Ohio v. Roberts, 448 U.S. 56, 66 (1980), *overruled*

Crawford v. Washington, 541 U.S. 36 (2004). [1] An out-of-court statement bears a sufficient indicia of reliability when "the evidence falls within a firmly rooted hearsay exception," Roberts, 448 U.S. at 66, or "contains 'particular guarantees of trustworthiness' such that adversarial testing would be expected to add little, if anything, to the statements' reliability." Lilly v. Virginia, 527 U.S. 116, *quoting* Roberts, 448 U.S. at 66. After considering all of the circumstances surrounding the statements, the Court concluded that the state court's finding that the statements bore sufficient indicia of reliability as to justify their admission was not contrary to or an unreasonable application of Supreme Court precedent. Further, because O'Bannon's hearsay statements were properly admitted, Petitioner failed to establish that his trial attorney was ineffective in failing to object to their admission.

Petitioner next alleged that his right to the effective assistance of counsel was violated. Specifically, Petitioner claimed that his attorney erred in failing to move for a separate trial from co-defendant O'Bannon. The Michigan Court of Appeals held that trial counsel was not ineffective in failing to move to sever the trials because Petitioner's defense was not harmed by the joint trial. The key evidence against Petitioner, O'Bannon's out-of-court statement to his girlfriend, would have been admissible even if the trials had been severed. Thus, Petitioner failed to show how he was prejudiced by his

---

[1] As noted in the Court's opinion denying habeas corpus relief, while the Supreme Court overruled Ohio v. Roberts in Crawford v. Washington, 541 U.S. 36 (2004), the Sixth Circuit Court of Appeals has held that Crawford does not apply retroactively to cases on collateral review. Dorchy v. Jones, 398 F.3d 783, 788 (6th Cir. 2005).

attorney's decision not to request severance. In addition, as stated by the Michigan Court of Appeals, Petitioner's defense may have benefitted from the joint trial because O'Bannon was portrayed as the far more culpable party, thereby minimizing Petitioner's involvement. Thus, the Court concluded that the state court's finding that counsel was not ineffective in failing to move for severance was not contrary to or an unreasonable application of Strickland v. Washington, 466 U.S. 668, 687 (1984).

Petitioner next claimed that the prosecutor presented insufficient evidence to establish his guilt beyond a reasonable doubt. The Michigan Court of Appeals, applying the standard articulated by the Supreme Court in Jackson v. Virginia, 443 U.S. 307 (1979), held that the prosecution presented evidence sufficient to convict Petitioner. This Court concluded that the state court of appeals' decision that all of the elements of the crimes were satisfied did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Finally, Petitioner claimed that the trial court erred in denying his request for an instruction on attempted larceny in a building, as a lesser offense of assault with intent to rob while armed. The Supreme Court has not found that failure to instruct on a lesser included offense constitutes constitutional error in a non-capital case. Beck v. Alabama, 447 U.S. 625, 638 n.14 (1980). Therefore, Petitioner could not show that the state court's decision denying the instruction was "contrary to or involved an unreasonable application of clearly established Federal law." 28 U.S.C. § 2254(d).

5

The Court finds that jurists of reason would not find the Court's assessment of the foregoing claims to be debatable or wrong.  *See* <u>Slack</u>, 120 S. Ct. at 1604.  Therefore, Petitioner has failed to show that he is entitled to a certificate of appealability.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Petitioner's Motion for Certificate of Appealability is **DENIED**.


<u>s/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  January 10, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on January 10, 2006, by electronic and/or ordinary mail.

<u>s/Josephine Chaffee</u>
Secretary/Deputy Clerk